THE PEOPLE *ex rel.* Kochersperger, County Treasurer,

*v.*

JOHN C. EGGERS.

*Filed at Ottawa January 19, 1897.*

1. SPECIAL ASSESSMENTS—*erroneous confirmation cannot be attacked collaterally.* A judgment of confirmation of a special assessment, merely erroneous and not void, cannot be attacked collaterally on application for judgment against the property for the tax.

2. TAXES—*tax must be upon lands that can be identified.* An application for judgment for a delinquent special assessment is a proceeding against the land, and if the land cannot be identified the judgment will be void.

3. SAME—*when judgment will be refused for want of proper description.* Judgment against land for a delinquent assessment is properly refused where such assessment was confirmed against supposed lots by their numbers, when, in fact, the land in question was a single tract, which had never been subdivided into any such lots at the time of the confirmation.

4. SAME—*court need·not enter a void judgment.* Although a judg-
ment against lands for a delinquent tax would be a nullity for
want of any tracts answering to the description given, the court
may, on objection, refuse to enter such judgment.

APPEAL from the County Court of Cook county; the
Hon. O. N. CARTER, Judge, presiding.

JOHN D. ADAIR, for appellant.

WALTHER & LANAGHEN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

The county collector of Cook county applied to the
county court for a judgment for the sale of lots 25 to 48,
both inclusive, in the subdivision of a certain block of
land in Chicago. These lots had been assessed $12.50
each, in the name of appellee, for laying a water supply
pipe under an ordinance of the city of Chicago. The
assessment had been confirmed and the lots returned as
delinquent. Appellee appeared and objected to the entry
of an order of sale because no such lots were shown of
record or otherwise. It was proved, and it is conceded,
that at the time of making the assessment and when the
assessment roll was confirmed block 4 was a tract of land
containing between five and six acres, which had not been
subdivided into lots, and that, as a matter of fact, there
were no lots in said block. The application for judgment
against the supposed lots, which it was conceded had no
existence, was denied.

It is admitted that the objection sustained would have
been a good one if made upon the application for confir-
mation, but it is claimed that it was too late to make it
in this proceeding for a judgment of sale. If the judg-
ment of confirmation was not void, but merely erroneous,
this would be true, and the only remedy for such a judg-
ment would be by appeal or writ of error; but if the judg-
ment of confirmation was void it could be resisted at any

time or place, and as well upon an application for a judgment of sale as elsewhere.   *Culver* v. *People*, 161 Ill. 89.

A proceeding of this character is against the land, and the subject matter of the judgment must be capable of identification or the judgment will be void.   Where it is impossible to tell what land was assessed or against what land the judgment of confirmation was entered the assessment and judgment will be void.   *People* v. *Chicago and Alton Railroad Co.* 96 Ill. 369;  *People* v. *Dragstran*, 100 id. 286; *Sanford* v. *People*, 102 id. 374; *Pickering* v. *Lomax*, 120 id. 289.

Appellee owned block 4, but there was no plat or subdivision from which it was possible to locate any part of the block as the part intended to be described, as all or any one of the supposed lots.   No lot represented any particular part of the block, and none could be located or identified.   The judgment of sale, if entered, would have been a nullity.   It is suggested that on this account appellee had no standing in court to object to the entry of judgment; but as was said in *People* v. *Dragstran, supra,* the collector could base no claim on that ground to have the judgment reversed.   It would be no ground for reversal, since he was not prejudiced by the refusal of the county court to enter a void judgment which could never be enforced.

It is also said that appellee's remedy should be by bill in chancery to restrain the collection of the assessment, upon the ground that the judgment for sale might be a cloud upon his title to block 4.   As appellant was not injured in any way by the refusal to enter a void judgment that question would be immaterial in this case; but in *Sanford* v. *People, supra,* where judgment was rendered against the appellant's lot, and there was no plat made or recorded, although the judgment could not affect her title, her objection was sustained, and the judgment was reversed because a sale might embarrass her title.

The judgment of the county court will be affirmed.

*Judgment affirmed.*