P. W. HARTS

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Opinion filed February 14, 1898.*

ESTOPPEL—*when owner is estopped to question description of property.* The owner of a block who, in deeds to part of the lots, describes them as being in a certain subdivision, and who has paid the taxes for years by the same description, is estopped to question such description in a special assessment roll, though the original plat was never recorded and the recorded plat thereof was made by the owners of the remainder of the tract after he had purchased the block, who included the same in their plat without his authority.

APPEAL from the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

EDWIN B. HARTS, for appellant.

THATCHER & GRIFFEN, and B. A. DUNLOP, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The county collector of Cook county made application in the county court of that county for judgment against the property of the appellant, on which the second installment of a special assessment, levied by the village of Maywood for the construction of certain sewers and drains, remained unpaid.    Judgment was entered as prayed, and appellant brings the case here for review.

Appellant insists that the description of the premises as set forth in the special assessment roll is so defective as to render the confirmation proceedings a nullity as to the property in question.· The description given in the roll is: "Blocks 1 and 2, in Ashland's subdivision." The appellant avers that there is no property corresponding to this description. Without reference to the question as to whether the objection is one which can properly be made upon this application, we think the county court properly decided the case.

At the trial a plat was introduced, entitled "Ashland's subdivision," which showed a large number of blocks, and among them two which were designated as numbers 1 and 2. This plat, which was dated November 12, 1875, and recorded on November 13, 1875, was made by Hilton & Bartlett, who allege themselves in the certificate attached to be the owners of all the lands platted, except blocks 1 and 2. At the time this plat was made the appellant, Harts, had become the owner of the land excepted in the above certificate, by *mesne* conveyances from Hilton, each of which describes by metes and bounds the same territory as is covered by blocks 1 and 2 on the plat, and also the streets and alleys contiguous thereto. The conveyances by which he obtained title also contained a recital that "said property has, with other lands, been subdivided into lots, streets and alleys, and is called 'Ashland's subdivision,' and the above property conveyed is blocks 1 and 2, as shown by the map thereof dated September 10, 1874, made by Samuel S. Greeley, and it is agreed that said first party has the right to have the said plat recorded." The plat referred to in these deeds does not appear to have been recorded. The contention of the appellant is that the plat which was recorded was in no way binding on him, for the reason that as to his property it was not executed by the owner, and, on the other hand, appellee insists that, under the evidence, appellant is estopped from denying its validity.

The evidence shows that in two conveyances made before the assessments appellant himself describes the land as "blocks 1 and 2, in Ashland's subdivision," and also that he has paid the taxes by that description for about twenty years, without apparent objection. The recital in appellant's title deeds was concerning a plat other than the one recorded. The reference there is to the plat made by Greeley, and it cannot be said that an admission as to the existence or validity of that plat amounted to or can create an estoppel upon him to deny the validity of a later plat, even though it covered the same ground, especially in view of the fact that when the grantee accepted his deed the latter plat had as yet no existence. But to the recitals in the deeds subsequently made by the appellant himself, a different effect must be given. The reference in them is to the later plat, which was then on record. This constitutes a voluntary acknowledgment of the plat. He is not bound by any act of a stranger as his deed, but when he accepts the act of such stranger, and uses the numbers designated on the plat as a description in the conveyance of his land, he binds himself by it. He has paid the taxes by this description ever since the recording of the plat and has made conveyances of his land by a reference thereto, and he cannot now be heard to say that the village had no right to use the same description in making the assessment which he himself was using. The case is within the principles announced in *Smith* v. *Young*, 160 Ill. 163, where it is said (p. 173): "Where ground is platted by a person who does not have title or whose title afterwards fails, if the real owner recognizes the plat and conveys lots according to the description therein, and abutting upon grounds designated in the plat as public, he is estopped afterwards to claim the ground so designated, for by adopting, referring to and making that plat a part of his deeds of conveyance for the several lots sold, the real

owner adopts the entire plat as his own, with all its dedications and reservations."

The case of *People* v. *Clifford*, 166 Ill. 165, where it is held that a description by an unrecorded plat is insufficient, in no way conflicts with this holding, for it is there held that the evidence showed no facts on which to base an estoppel, and it is said: "It might be otherwise if any of the lots had been sold with reference to the plat."

This is the only question raised, and it being determined adversely to the contention of the appellant, it follows that the judgment must be affirmed.

*Judgment affirmed.*