EDWARD L. UPTON

*v.*

THE PEOPLE *ex rel.* James Murrie, County Treasurer.

*Opinion filed, December 21, 1898.*

1. TAXES—*judgment for taxes is void if the property is not sufficiently described.* Property assessed for taxes must be so described as to be capable of identification by some lawful mode, such as a government survey, reference to plat or by metes and bounds, and if not so described the assessment and judgment thereon are void.

2. SAME—*assessor's plat not made by county surveyor will not sustain judgment for taxes.* An assessor's plat made pursuant to section 53 of the act of 1853 for the assessment and collection of taxes in counties under township organization, (Laws of 1853, p. 3,) but not made by the county surveyor, is insufficient to authorize a judgment for delinquent taxes against lots therein described. (*People* v. *Reat*, 107 Ill. 581, followed.)

3. SAME—*when payment of one installment of an assessment does not estop party from contesting others.* Payment of one or more installments of an assessment under a void description of the property which the owner is not otherwise estopped to deny as correct, does not prevent such owner objecting to compulsory payment of the remaining installments.

APPEAL from the County Court of Lake county; the Hon. D. L. JONÈS, Judge, presiding.

HOMER COOKE, for appellant.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county treasurer of Lake county applied for judgment against several tracts of land described by an assessor's plat of section 16, township 45, north, range 12, east, in that county, which were delinquent as to installments of three special assessments, severally levied by the city of Waukegan for water-works, paving and sewer. Appellant appeared and filed an objection that the lands were assessed by void descriptions. The objection was overruled and judgment was entered.

Property assessed for taxes must be described so as to be capable of identification by some lawful mode, such as a government survey, a reference to an authenticated plat or by metes and bounds, and unless it is so described as to be capable of such identification the assessment and judgment will be void. (*People* v. *Chicago and Alton Railroad Co.* 96 Ill. 369; *People* v. *Dragstran*, 100 id. 286; *People* v. *Eggers*, 164 id. 515; *People* v. *Clifford*, 166 id. 165.) The lands in this case were described as certain parts of lots 25 and 55 in said assessor's plat, or by metes and bounds, as portions of and included in such plat. The record of the plat and certificate was offered in evidence, showing that it was made July 20, 1867, by Daniel Brewer, surveyor, and it was proved that Daniel Brewer was never county surveyor or deputy of such surveyor for the county of Lake. The plat was made pursuant to the

provisions of section 53 of an act of February 12, 1853, entitled "An act for the assessment of property and the collection of taxes in counties adopting the township organization law." (Laws of 1853, p. 3.) The case of *People* v. *Reat,* 107 Ill. 581, was decided under the same act, and it was there held that an assessor's plat not made by the county surveyor was insufficient to authorize a judgment against lots therein for delinquent taxes. This decision must control the disposition of this case. In the assessment for the sewer there is a reference in the descriptions to a school trustees' subdivision of section 16 as well as to the assessor's plat, but there is no evidence that there was any such subdivision or plat thereof, and the description rests on the assessor's plat, which was not authorized by any law.

It appears that there was a stipulation between the city attorney and appellant for the correction of a clerical error in the amount of the assessment for paving, and that the error was corrected at the confirmation, and that appellant had paid previous installments of the assessments. It was proved that the conveyance of the lands to appellant was by another description, and not by the assessor's plat or school trustees' subdivision or by any description contained in the delinquent list, and the elements of an estoppel are lacking. In the case of *Harts* v. *People,* 171 Ill. 373, cited by appellee, Harts had voluntarily acknowledged the plat and adopted it by describing the property in two conveyances according to such plat. He could not be heard to say that it was not a valid plat of the lands, while here no such acknowledgment was ever made. If the descriptions were void, the previous payments can only be regarded as voluntary contributions on the part of appellant to the special assessment funds, and he is not estopped from objecting to further compulsory payment.

The judgment is reversed and cause remanded.

*Reversed and remanded.*