## William T. Jebb and Anna B. Jebb v. Patrick J. Sexton.

1. COLLATERAL ATTACK—*Judgments for Special Assessments.*—Judgments for delinquent special assessments can not be collaterally attacked as void for want of a sufficient description of the premises or of the improvement.

2. ESTOPPEL—*By Promises.*—After a grantor in a warranty deed acknowledges his liability to pay a special assessment which is a lien upon the premises conveyed, and promises the grantee to pay the same, he is estopped from questioning the validity of the assessment in a proceeding against him by the grantee to recover the amount paid to discharge the premises from the liens of such assessment.

Assumpsit, for money paid, etc. Trial in Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Finding and judgment for the plaintiff; appeal by defendants. Heard in this court at the May term, 1899. Affirmed. Opinion filed July 20, 1899.

. COOKE & UPTON, attorneys for appellants.

An assessor's plat not made by a county surveyor is void. Upton v. The People, 176 Ill. 632.

A paving ordinance where the grade of the street has not been established by ordinance is void. C. & N. P. R. R. Co. v. City of Chicago, 174 Ill. 439.

The appellants, not having filed objections to the confirmation of the assessments, are not estopped from showing that the assessments are void. Jacobs v. City of Chicago, 178 Ill. 560; Tibbetts v. Leeson, 148 Mass. 102.

A covenantee must show that he has paid no more to remove the incumbrance than was reasonable and necessary before he can recover the full amount which he has paid.

Devlin on Deeds, Vol. 2 (2d Ed.), p. 1266, Sec. 919; Anderson v. Knox, 20 Ala. 156; Pate v. Mitchell, 23 Ark. 590; Guthrie v. Russell, 46 Iowa, 269; People v. McWethey, 165 Ill. 222.

HOYNE, O'CONNOR & HOYNE, attorneys for appellee.

In a suit for breach of covenant against incumbrances the defendant can not question the regularity of a judgment confirming a special assessment. McCormick v. Cheevers, 124 Mass. 262; N. Chicago Hebrew Congregation v. Garibaldi, 70 Ill. App. 33; Almy v. Hunt, 48 Ill. 45; Riebling v. The People, 145 Ill. 120; Prout v. The People, 83 Ill. 154; Gage v. Parker, 103 Ill. 528; The People ex rel. v. Lingle, 165 Ill. 65; Doremus v. The People, 161 Ill. 26.

The appellants are estopped to deny the validity of the assessments. Hefner v. Vandolah, 57 Ill. 523; Hill v. Blackwelder, 113 Ill. 283; Robbins v. Moore, 129 Ill. 30.

Even though an assessment is in fact invalid, yet if it can be re-assessed upon the land, the grantee under a covenant of warranty can recover the amount paid by him to remove the incumbrance. Coburn v. Litchfield, 132 Mass. 449; Blackie v. Hudson, 117 Mass. 181; Carr v. Dooley, 119 Mass. 294; Fagan v. Cadmus, 46 N. J. Law Rep. 441.

MR. JUSTICE DIBELL delivered the opinion of the court.

William T. Jebb and Anna B. Jebb, his wife, sold and conveyed to Patrick J. Sexton, by warranty deeds, certain premises in Waukegan, which were then subject to two special assessments, one for paving a street and the other for a sewer therein. The assessments were payable in installments. The grantors paid the first installment upon one and the first and second installments upon the other. Thereafter they permitted the property to be returned delinquent as to the next installment of each assessment. The grantors had become non-residents of this State. Sexton paid the delinquent installments and at the same time all remaining installments of said assessments, and then brought this action of assumpsit and attachment against the grant-

ors to recover the sum so paid.    William T. Jebb was personally served, and both defendants filed pleas, upon which issues were joined.    The cause was tried without a jury, and plaintiff had judgment against defendants for $986.95, from which they appeal.

It is claimed by defendants that both said assessments were void for want of a sufficient description of the premises, and the paving ordinance for want of a sufficient description of the improvement.    The premises were described in the special assessment proceedings by a plat which, in Upton v. The People, 176 Ill. 632, was held void.    The alleged defect in the paving ordinance is a lack of description of the thickness of the stone foundation for the curbing. It is argued that judgments for the unpaid assessments could not have been obtained if resistance thereto had been made, and therefore defendants can not be held liable to plaintiff for the sums he paid to discharge them.    It was proved that the premises described in said assessment proceedings are in fact the same premises conveyed by defendants to plaintiff.    We are disposed to hold these assessments can not be thus collaterally attacked.    Coburn v. Litchfield, 132 Mass. 449; The People ex rel. v. Lingle, 165 Ill. 65.    But if it were otherwise, still we think defendants are estopped from questioning the validity of the assessments here.    It sufficiently appears that William T. Jebb acted as his wife's agent in these matters.    The defendants paid one installment of one assessment and two of the other, thus treating them as valid.    Before plaintiff paid the remaining assessments he had correspondence with William T. Jebb in which Jebb stated that he fully understood and acknowledged his liability to pay these assessments, and that he intended to do as he had agreed.    After plaintiff wrote Jebb that he had paid the remaining installments in full Jebb replied, fully admitting his liability to pay the assessments, but claiming he had the right to pay each installment when it became due, and offering to remit at once for the delinquent installments upon being advised of the amount plaintiff had paid therefor.    Plaintiff having paid

after the receipt of the first of these letters in which Jebb expressly admitted his liability to pay the assessments, the defendants ought not now to be permitted to say they are not liable to pay them, but can only be heard to question their liability to pay any assessment before it matured.

There is another matter in proof bearing both upon the question of estoppel and of the right of plaintiff to have these assessments paid without waiting for the expiration of the time the several installments might run. The proof shows the price defendants asked plaintiff for the property, aside from taxes and special assessments, was $15,000, and that the parties agreed upon that price; that Jebb undertook to ascertain the amount required to meet taxes and assessments; that defendants and plaintiff met again, and Jebb then reported that the sewer, water-pipe and street matters approximated $2,000; that plaintiff proposed to pay them $15,000 and assume the other matters, but they preferred that he should pay them the $17,000, and they would deed him the property free from all incumbrances and assessments, and he agreed and paid them $17,000 in cash. Two thousand dollars was therefore paid by plaintiff to defendants for the amount resting against the property for taxes and assessments. Having thus received from plaintiff the money with which to pay these special assessments they can not now be heard to say he ought to have gone into court and contested each installment because of these alleged defects. They were bound to apply the money he paid them to the purpose for which he paid it, under the arrangement then made between them, which was declared upon in the third and fourth counts, and was enforceable also under the common counts. (McCormick v. Cheevers, 124 Mass. 262.) Nor is it reasonable to suppose that it was within the contemplation of the parties that after plaintiff paid the defendants in cash the amount of the special assessments, they were at liberty to retain the money and only pay each of the seven installments as it came due, thus leaving a lien upon the property for seven years after plaintiff had paid the cash. We think it a more reasonable construction to put upon the acts and

language of the parties to hold that the $2,000 was to be used by defendants in at once relieving the property of the lien of these assessments. The statute permits installments of special assessments to be paid at any time before maturity, and the property thereby discharged from the lien thereof.

It is argued that there may be a rebate after the special assessments have all been collected, and the cost of the improvements all paid, and that plaintiff was required in this action to show the cost of the improvements, so that defendants might be credited in advance for such future rebates, if any. We think the position untenable. Plaintiff paid money sufficient to relieve the premises of these incumbrances, and was entitled to have that done. He ought not to be required in this action to go into a collateral and speculative inquiry as to possible future rebates. If any rebates accrue it will then be time enough to determine what disposition shall be made of them. The judgment is affirmed.