Gilbert Vennum

*v.*

The People *ex rel.* Galloway, County Collector.

*Opinion filed December 20, 1900.*

1. Special taxation—*how property must be described in proceedings for special taxation.* In proceedings for taxation the property must be described by reference to government surveys or by metes and bounds, or if it is divided into lots, then by reference to authenticated plats.

2. Same—*judgment should be refused if property cannot be identified by the description.* Judgment of sale for a special tax should be refused if the property described in the application for judgment is designated as a certain lot in a certain subdivision and there is no such lot in the subdivision referred to.

3. Same—*bill of cost of sidewalk should be signed by both members of the committee.* If a committee of two is appointed to make a bill of costs for a sidewalk to be built by special taxation, by virtue of an ordinance passed under the act of 1875, to provide additional means for the construction of sidewalks, such bill must be in writing and be signed and certified to by both members of the committee, otherwise the court has no jurisdiction to render judgment, and a property owner may set up such fact on application for sale.

Appeal from the County Court of Iroquois county; the Hon. Frank Harry, Judge, presiding.

This is an appeal from a judgment of the county court of Iroquois county against a parcel of land belonging to the appellant, Gilbert Vennum, for a special tax levied for the purpose of building a sidewalk opposite said parcel of land by the village of Milford in said county. The judgment is for $129.20 against a lot described as lot 16, Vennum's subdivision of lot 8, north-east quarter of north-east quarter and lot 1, south-east quarter of north-east quarter section 15, township 25, north, range 12 west of second principal meridian.

On June 5, 1899, the board of trustees of the village of Milford passed an ordinance for the construction of a cement sidewalk on Jones street in said village, which ordinance was approved on June 14, 1899. The appel-

lant filed objections to the entry of judgment against his land. These objections were overruled, and exception was taken to the action of the court in overruling them.

DOYLE & CRANGLE, for appellant.

C. W. RAYMOND, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—The first objection, made by appellant to the entry of judgment against his land, is that there was no such description of land, as that by which the land here was assessed and returned as delinquent and advertised for sale, and against which judgment was rendered in favor of the People for the use of the village of Milford.

The description of the lot, against which judgment was rendered, as it is set forth in the record and in the published advertisement of delinquent lands, is "lot 16 of Gilbert Vennum's subdivision of lot 8 of north-east quarter of north-east quarter and lot 1 of south-east quarter of north-east quarter of section 15," etc. Upon the trial, a plat of Vennum's subdivision, as above described, was introduced in evidence, showing a subdivision of the west part of said lots 8 and 1 into a street and twelve lots numbered from 1 to 12 inclusive; but the plat of Vennum's subdivision, so introduced, showed that there was no such lot as lot 16 upon said plat. The plat shows that the eastern part of lots 8 and 1, other than the western portion already mentioned, was not subdivided into lots. The plat of Vennum's subdivision as thus described was introduced in evidence by the appellant.

Another plat, entitled "county clerk's plat of north half of north-east quarter and a portion of south-half of north-east quarter, section 15, etc., * * * for assessment purposes," was introduced in evidence upon the trial below by appellee. The latter plat shows upon its face a lot bearing the number 16; but it is impossible to tell

from an examination of this county clerk's plat, so called, whether the lot thereon designated as lot 16 is in lot 8, or lot 1, or in what part of section 15 it is located. The plat does not show distances from any known point to any part of the lot, nor are any distances given upon the lot itself. A surveyor could not locate said lot from the plat.

If, however, it had been intended in this proceeding to levy the special tax for the building of the sidewalk against lot 16 in said county clerk's plat, it should have been described in the record as lot 16 of county clerk's plat of north half of north-east quarter and a portion of south half of north-east quarter of section 15, etc. But the lot actually described, and against which the special tax has been levied, is not described as lot 16 in the county clerk's plat or subdivision, but as lot 16 in Vennum's subdivision of lot 8 of north-east quarter of north-east quarter and lot 1 of south-east quarter of north-east quarter of said section 15; and, as there is no such lot as lot 16 in Vennum's subdivision, there was no lot described in the proceedings, against which any tax could be levied, or to which any lien for a tax could attach.

In proceedings for taxation property must be described by reference to government surveys, or by metes and bounds, and, if it is divided into lots, then by a reference to authenticated plats. Where the property, described in the application for judgment, is designated as a certain lot in a certain subdivision, and there is no such lot as so described in the subdivision referred to, then it is clear that judgment ought to be refused, because a judgment for taxes cannot be rendered against property which has no existence. (*People* v. *Clifford*, 166 Ill. 165; *People* v. *Chicago and Alton Railroad Co.* 96 id. 369).

The judgment in a proceeding of this character will be void, unless the land, which is the subject matter of the judgment, is capable of identification. Where it is impossible to tell what land is assessed, the assessment and judgment will be void. (*People* v. *Eggers*, 164 Ill. 515).

Property must be specially taxed under its known legal description. (*People* v. *Cook*, 180 Ill. 341).

As there was no such lot as lot 16 of Vennum's subdivision as above described, we are of the opinion, that the objection as to the description of the property was a valid one, and should have been sustained by the trial court.

*Second*—The ordinance, passed by the board of trustees of the village for the construction of the sidewalk in question, was passed under the provisions of "An act to provide additional means for the construction of sidewalks in cities, towns and villages," approved April 15, 1875, and in force July 1, 1875. (1 Starr & Curt. Ann. Stat.—2d ed.—p. 857). Section 1 of the act of 1875 provides, that any village may by ordinance provide for the construction of sidewalks therein or along or upon any street or part of street therein, and may by such ordinance provide for the payment of the whole or any part of the costs thereof by special taxation of the lot, lots or parcels of land touching upon the line where any such sidewalk is ordered, etc. Section 2 of the act provides that the ordinance shall define the location of such proposed sidewalk with reasonable certainty, and that the ordinance shall be published as required by law for other ordinances, etc. Section 3 of the act then provides as follows: "Such ordinance may provide that a bill of the cost of such sidewalk, showing in separate items the cost of grading, materials, laying down and supervision, shall be filed in the office of the clerk of such city, town or village, certified to by the officer or board designated by said ordinance to take charge of the construction of such sidewalk, together with a list of the lots or parcels of land touching upon the line of said sidewalk, the names of the owners thereof, and the frontage, superficial area, or assessed value as aforesaid, according as said ordinance may provide for the levy of said costs by frontage, superficial area or assessed value; whereupon said clerk shall proceed to prepare a special tax list against said

188—11

lots or parcels, and the owners thereof, *  *  * which special tax list shall be filed in the office of said clerk; and said clerk shall thereupon issue warrants  *  *  * for the collection of the amount of special tax so ascertained and appearing from said special tax list to be due from the respective owners of the lots or parcels of land touching upon the line of said sidewalk." Section 4 of the act provides that "upon failure to collect such special tax  *  *  * it shall be the duty of said clerk, within such time as said ordinance may provide, to make report of all such special tax, in writing, to such general officer of the county as may be authorized by law to apply for judgment against, and sell lands for taxes due the county or State, of all the lots or parcels of land upon which such special tax shall be so unpaid, with the names of the respective owners thereof, so far as the same are known to said clerk, and the amount due and unpaid upon each tract, together with a copy of the ordinance ordering the construction of said sidewalk," etc. (1 Starr & Curt. Ann. Stat.—2d ed.—pp. 858, 859).

The ordinance of June 5, 1899, passed by the village of Milford, provided, in section 22 thereof, that the sidewalk must be built under the supervision and direction of the sidewalk committee of the village, and in the manner and with the material stated in the ordinance. Section 25 of the ordinance provides that, as soon as may be after the walk is finished under the supervision of the sidewalk committee, the "committee shall file in the office of the village clerk of said village of Milford a bill of costs of said sidewalk showing, in separate items, the costs of grading, laying, supervision and building of said sidewalk and of the material used, certified to by said committee, together with a list of the lots," blocks, tracts and parcels of land touching on the sidewalk so completed by said committee, and the names of the owners thereof, and the number of feet frontage, and the time when said sidewalk was completed by the village.

It appears that in May, 1899, the president of the board of trustees of the village appointed Nels Larsen and Frank Davis, at a regular meeting of the board, as a committee for sidewalks and crossings for the fiscal year 1899; and they continued to act as such until May, 1900. The evidence is clear and conclusive, that Larsen never signed the bill of the cost of the sidewalk, as required by both the statute and the ordinance passed in pursuance of the statute. The bill or statement of cost, as filed with the village clerk, was signed by Davis only, and not by Larsen. There was no authority for building this sidewalk except the ordinance in question; and when the sidewalk was built under the ordinance, it was the duty of the authorities of the village to follow the ordinance, and perform all the acts required of them. Until an estimate, certified by both members of the committee appointed by the president of the board, was filed in the office of the village clerk, the appellant could not be put in default, nor could his land be sold. When a committee is appointed to make a statement of the cost of certain work like the building of a sidewalk, as is required by the act of 1875 above referred to and by the ordinance here under consideration, such statement or bill of the cost must be made in writing; and if there are two members of the committee so appointed, it must be certified to by both of them. Otherwise, it will not be a compliance with the ordinance, or with the statute. Commissioners, appointed to make assessments, must act jointly. So, in making statements or bills of cost of sidewalks, if only one of a committee acts when the committee consists of two, the court will not have jurisdiction to render judgment, and a property owner may set up such want of jurisdiction in defense to the application for judgment and order of sale.

We have held that, where three commissioners are appointed to make an estimate of the cost of an improvement, they must act jointly, and that, where action is

taken by two of them only and the third takes no part, such action cannot be sustained. (*Adcock* v. *City of Chicago,* 160 Ill. 611; *Hinkle* v. *City of Mattoon,* 170 id. 316; *Markley* v. *City of Chicago,* id. 358). We see no reason why the principle, announced in the cases above referred to in regard to commissioners appointed to estimate and report the cost of an improvement, should not apply to a committee appointed to make, certify to and file in the office of the village clerk a bill or statement of the cost of a sidewalk. In a proceeding for the collection of taxes, where the owner may be deprived of his property, the requirements of the statute must be strictly complied with. (*McChesney* v. *People,* 148 Ill. 221). Courts are clothed with no discretion in upholding or setting aside levies of special taxes. The levy and its collection can only be made by virtue of the ordinance and in the mode therein provided, and when its plain requirements have been ignored the tax is void. (*Weld* v. *People,* 149 Ill. 257).

In this proceeding for the levy of a tax for the construction of a sidewalk, the property owner has no opportunity to question the act of the sidewalk committee, until the application for judgment against his delinquent land is made. He has no opportunity, as is the case in special assessment proceedings, to make objections upon an original application for the confirmation of the assessment. Inasmuch as the court below had no jurisdiction on account of the want of a statement of the cost of the sidewalk, certified to by the sidewalk committee and filed with the village clerk, the objection now under consideration should have been allowed by the trial court.

For the error in refusing to sustain the objections so made by the appellant, the judgment of the county court, so far as it applies to the appellant and his property, is reversed, and the cause is remanded to the county court for further proceedings in accordance with the views herein expressed.　　　　　*Reversed and remanded.*