JOSEPH DOWNEY *et al.*

*v.*

THE PEOPLE *ex rel.* S. B. Raymond, County Treasurer.

*Opinion filed October 26, 1903—Rehearing denied December 8, 1903.*

1. SPECIAL ASSESSMENTS—*when property owner is estopped to object to application for sale.* Under section 66 of the Local Improvement act of 1897, (Laws of 1897, p. 125,) the overruling of a property owner's objections to the application for judgment of sale for the first and second installments of a special assessment bars defenses to application for sale for subsequent installments, except such as relate to the particular pending proceeding.

2. SAME—*objection to character of work done is waived by acceptance.* Under section 66 of the Local Improvement act as amended in 1901, (Laws of 1901, p. 111,) the objection that the work done upon an improvement does not conform to ordinance cannot be raised upon application for judgment of sale, if it appears the work has been accepted by the board of local improvements.

3. SAME—*voluntary payment of installment is a waiver.* Voluntary payment of an installment by a property owner or his agent is, under section 66 of the Local Improvement acts of 1897 and 1901, an assent to the confirmation of the assessment roll and a waiver of the right to object to judgment of sale for subsequent installments, except as to the legality of the pending proceeding.

4. SAME—*term "legality of the pending proceeding" construed.* The term "the legality of the pending proceeding," used in section 66 of the Local Improvement act, relates to the proper returns, notices and formal matters pertaining only to the particular proceeding under the application for judgment of sale.

5. CONSTITUTIONAL LAW—*section 66 of Local Improvement act not unconstitutional.* Section 66 of the Local Improvement act of 1897, as amended in 1901, (Laws of 1901, p. 111,) is not unconstitutional, as being a legislative curtailment of judicial powers of inquiry or as violating section 29 of article 6 of the constitution, requiring laws relating to courts to be general and of uniform operation.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

GEORGE W. WILBUR, for appellants.

EDGAR BRONSON TOLMAN, (CHARLES M. WALKER, of counsel,) for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal from a judgment of sale entered by the county court of Cook county against the property of appellants for the non-payment of the third installment of a special assessment made by the city of Chicago for paving Jefferson street from Madison street to VanBuren street. The appellants appeared and filed objections to the application for such judgment, and introduced evidence. The court, however, overruled all objections and entered judgment of sale, from which judgment the present appeal is taken.

The appellants urged, and offered evidence under, the following objections: First, the improvement as constructed is other and different from the one provided for in the ordinance, as the materials used are not those required by the ordinance, and such materials as were used were of an inferior quality and not suited to the purposes to which they were put by the contractor, and certain materials called for by the ordinance and specifications were wholly omitted in the making of the improvement; second, that the ordinance is void because of the provisions therein that eight hours shall constitute a day's labor and that alien labor should not be employed upon the work.

The evidence under the first objection does not sustain the objection in so far as it is alleged that the improvement is other and different from the one provided for in the ordinance. The evidence does show that inferior materials were used and that the workmanship was in many respects deficient, but that the kind of improvement provided for in the ordinance was placed in the street as required by the ordinance the evidence abundantly shows. We have repeatedly said that this objection cannot avail on the application for judgment for sale unless it be shown by the evidence that the improvement as constructed was a wholly different improvement from that provided for by the ordinance and contract. In the view we take of the case, however, all the matters urged here may be disposed of without consideration of the evidence relating to them. The application was for judgment for sale for the third installment of the assessment for the improvement made.

By the Local Improvement act of 1897, and the amendment thereto of 1901, the statute relating to the practice and governing the rights of property owners was materially changed, and many holdings of this court have, in consequence of such changes, become inapplicable, inoperative and without controlling effect. By section 66 of said act (4 Starr & Cur. Stat. 1902, p. 188,) it is provided: "Upon the application for judgment of sale upon such assessment or matured installments thereof, or the interest thereon, or the interest accrued on installments not yet matured, no defense or objection shall be made or heard which might have been interposed in the proceeding for the making of such assessment, or the application for the confirmation thereof, (and no errors in the proceeding to confirm, not affecting the power of the court to entertain and consider the petition therefor, shall be deemed a defense to the application herein provided for. When such application is made for judgment of sale on an installment only of an assessment payable

by installments, all questions affecting the jurisdiction
of the court to enter the judgment of confirmation *and
the validity of the proceedings* shall be raised and de-
termined on the first of such applications.   On applica-
tion for judgment of sale on any subsequent installment,
no defense, except as to the legality of the pending pro-
ceeding, the amount to be paid, or actual payment, shall
be made or heard.   And it shall be no defense to the ap-
plication for judgment on any assessment or any install-
ment thereof that the work done under any ordinance for
an improvement does not conform to the requirements of
such ordinance, if it shall appear that the said work has
been accepted by or under the direction of the board of
local improvements.   And the voluntary payment by the
owner or his agent of any installment of any assessment
levied on any lot, block, tract or parcel of land, shall be
deemed and held in law to be an assent to the confirmation
of the assessment roll, and to be held to release and waive
any and all right of such owner to enter objections to
the application for judgment of sale and order for sale.")

The section above quoted from is an enlargement and
amendment of section 39 of the former and amended acts
as they were prior to the act of 1897, and as found in
volume 1 of Starr & Curtis' Statutes of 1896, page 771,
and an examination of the two sections will readily dis-
close that the statute as now in force is a radical and
marked departure from the former statute, and the limita-
tions as to the rights of the property holders in matters
of defense are so much greater that it must be admit-
ted that the former decisions of this court construing the
earlier acts must be of limited application to the act in
question.  The one provision in section 39, *supra*, restrict-
ing the rights of defense, and under which most of the
opinions of this court upon that question were written,
reads as follows: "Said report, when so made, shall be
*prima facie* evidence that all the forms and requirements of
the law in relation to making said return have been com-

plied with, and that the special assessments mentioned in said report are due and unpaid, and, upon the application for judgment upon such assessment, no defense or objection shall be made or heard which might have been interposed in the proceeding for the making of such assessment, or the application for the confirmation thereof."

All that portion of section 66, *supra*, between the parentheses, beginning with the words "and no errors" and concluding with the word "sale," being the conclusion of the quotation, has been added. The above section 66, as enacted in 1897, was amended in 1901 by inserting that portion thereof between the stars, as shown in the quotation. Section 66, as enacted in 1897, contains all the above quotation relating to the practice and the rights of the property holders when the application is for the installment of an assessment and upon application for subsequent installments after the first; the effect of a voluntary payment of any installment, and the restriction of the right to raise the question that the work done under any such ordinance does not conform to the requirements of the ordinance, where it appears that it has been accepted by the board of local improvements.

The appellants are Joseph Downey, the Chicago Newspaper Union, and D. R. Fraser, Franklin Hess, David E. Fisk, W. L. DeWolf, Mary Fischback, Mrs. Arthur Farrar, J. B. Mayo and W. B. Cooper. It is admitted of record that all of said objectors have paid both the first and second installments, except W. L. DeWolf and Mary Fischback, who have paid the first installment, and that David E. Fisk filed objections to the first and second installments, but that the objections had been overruled and judgment of sale entered. It is also shown that the work has been accepted under the directions of the board of local improvements.

If effect is to be given to the above section 66, it is manifest that David E. Fisk is precluded from urging the objections herein presented, by having filed objections to

the first and second assessments and having had two hearings previous to the one at bar. (*Gross* v. *People*, 193 Ill. 260.) He is so precluded by the provisions of the above section that where the application is for the matured installment of the assessment no defense or objections can be made or heard which might have been interposed in the proceedings for the making of such assessment or the application for the confirmation thereof, and by the further provisions that when the application is made for judgment of sale of a subsequent installment only, *no defense except as to the legality of the pending proceeding*, the amount to be paid or actual payment shall be heard or made, and he is precluded upon the objections as to the character of the work by the acceptance of the work by the board of local improvements. As to the other objectors, all the provisions of said section 66 are applicable. All the matters now urged as ground of objections, except that relating to the character of the work, could have been made at the application for judgment for the first installment. All of these objectors, except Fisk, have voluntarily paid one or more installments of the assessment, and are by the statute deemed to have waived and released any and all right to enter objections to the judgment and order for sale, and the work has been accepted by the board of local improvements.

No question is raised "as to the legality of the pending proceeding." This last quotation is from section 66, *supra*, and, we hold, applies only to the proceedings in the application for judgment of sale, and relates to the proper returns, notices and formal matters pertaining only to the proceedings under such application for judgment and order for sale. In *Gross* v. *People, supra,* we had occasion to consider the above section 66. In that case application was made for the sale of the fifth installment of the special assessment. The objection urged was, that the improvement made was not the one contemplated by ordinance, but varied therefrom in various material par-

ticulars. The county court overruled the objections, and on appeal that judgment was sustained, and in considering the question relative to the above section, among other things we said (p. 262): "Some of these applications for judgments and orders of sale were made after the act of 1897 took effect and became applicable to proceedings for their collection, and we need only inquire whether these objectors can, on this application, file objections which could have been adjudicated in any one of the former adjudications where they appeared and objected to judgment. We are of the opinion they cannot, but that they are estopped by the former judgments and are expressly precluded by the statute. Every question embraced in their first objections filed in this case could have been raised in the former proceedings. They were fully known to them at that time. * * * The questions that are *res judicata* are not confined to those raised and insisted on at the former adjudication, but they embrace also those which were involved in the issue and might have been properly insisted on."

Appellants cite *Upton* v. *People*, 176 Ill. 632, and quote that portion of the opinion which holds that previous payments of installments upon assessment against lands, where the description of lands is so uncertain that the land cannot be identified or located, do not estop the landholder from objecting to judgments on that ground. No application is made by appellants of that case to the case at bar, nor do we think one could be made. In that case numerous authorities are cited, showing that where the description of land is void it may be taken advantage of whenever payment of taxes against it is sought to be enforced. Section 66 of the statute, *supra*, was not applied or discussed in that case.

Appellants say, if section 66, *supra*, is to be given effect, it contravenes article 3 of the constitution of the State of Illinois, which defines the three departments of government and prohibits one department from exercis-

ing the powers of another, and that said section is a curtailing, by the legislative branch, of the powers of inquiry of the court. We do not think the section subject to the vice attributed to it. Upon a review of the entire act relative to local improvements we think the legislature has been careful to guard the interests of the property holder, and vouchsafes to him all the legal remedies and judicial inquiry necessary for the proper maintenance of his property rights. While it is fundamental that the courts do, and must, recognize the rights of the individual in respect of both his person and his property, it must not be overlooked that it is the duty of both the legislative and judicial departments to subserve the interests of the public. It is to the common interest of the public, and the individuals composing it, that litigation shall have an end. In all these plans for public improvement it is necessary, in order that the work may be economically and skillfully done, that contractors and those dealing with the public authorities shall have confidence that such authorities are acting within their powers, and that there should be, at the earliest practicable time, a judicial determination of any matter of doubt in the exercise of such power.

The act in question, although it provides for many hearings relative to the organization of the improvement district, the making and confirming of the assessments and the collection thereof, in all of which and at every step the property owner is notified, has at the same time classified the matters to be heard and considered at the various times, and has provided that the matters that may be considered at one time and at one hearing shall not be considered at some subsequent one. If the property owner will attend the various hearings of which he is notified and required to attend, and there protect his rights as defined by the act in question, he will have no subsequent ground for complaint. Nor does the existence of this act preclude the property holder from the

assertion of his rights in other forums and under other forms of law. In the case at bar appellants had a remedy by injunction to prevent the performance of acts under what they now say was an illegal contract, and the right of *mandamus* to compel the construction of the improvement according to the provisions of the ordinance and the specifications thereof. Nor is the provision of section 29 of article 6 of the constitution, containing the requirement that "all laws relating to courts shall be general and of uniform operation," violated by the act in question. The proceeding in question is a special provision not known at common law, and of which special courts, only, have jurisdiction. To all courts having jurisdiction in matters involved in this act it is applicable; to all persons affected by it its provisions are general and of uniform operation.

The judgment of the county court of Cook county is in accordance with the views entertained by this court, and is affirmed.                    *Judgment affirmed.*