TREAT v. CITY OF CHICAGO et al.

(Circuit Court, N. D. Illinois, Northern Division. November 2, 1903.)

No. 26,308.

**1. MUNICIPAL CORPORATIONS—VALIDITY OF SPECIAL ASSESSMENT—EFFECT OF JUDGMENT UNDER ILLINOIS STATUTE.**

Section 7 of the Illinois local improvement act of 1897 requires the resolution ordering an improvement to include the itemized estimate of the engineer, and such requirement, under the decision of the Supreme Court of the state, is jurisdictional. But section 66 of the same act, as amended in 1901 (Starr & C. Ann. St. Supp. 1902, c. 24, par. 103), provides that when an application is made for judgment of sale on an installment of an assessment payable in installments all questions affecting the jurisdiction of the court to enter the judgment of confirmation and the validity of the proceedings shall be raised and determined on the first of such applications, and that on an application for judgment of sale on any subsequent installment no defense, except as to the legality of the pending proceeding, the amount to be paid, or actual payment, shall be made or heard. *Held* that, construing such provisions together, the inclusion of the engineer's itemized estimate in the resolution is made jurisdictional only in case the question is raised on the application for judgment on the first installment, and that where it is not so raised the judgment in such proceeding is conclusive of the validity of the assessment.

In Equity. On demurrer to bill.

George W. Wilbur, for complainant.

Edgar B. Tolman, for defendant city of Chicago.

KOHLSAAT, District Judge. Complainant files his bill for an injunction restraining the city from causing certain premises belonging to him to be sold to satisfy the second installment of a special assessment against the same. The first installment was duly paid. The payment of this second installment has been resisted in the state courts, Circuit and Supreme, and decided adversely to complainant.

The bill proceeds upon the theory that the state court proceedings were and are void for want of jurisdiction, for the reason that the board of local improvements of the city of Chicago failed to include in its resolution the itemized estimate of the engineer, citing the case of Joseph Bickerdike et al. v. City of Chicago (decided by the Supreme Court of Illinois, Oct. 20, 1903, and not yet officially reported) 68 N. E. 161, wherein the court holds, on an appeal taken from the judgment of the county court of Cook county, Ill., imposing a special assessment for street improvement, that "the proceedings prior to the adoption of the ordinance required by the statute are jurisdictional, without which no valid ordinance can be passed, and consequently no valid assessment be made." The court there proceeds to hold the ordinance in that case invalid for the want of an itemized engineer's estimate, as is insisted on by complainant in this case.

Defendants demur to the amended bill, and set up section 66 of the local improvement act of 1897, as amended in 1901, which provides that:

"Upon the application for judgment of sale upon such assessment or matured installments thereof, or the interest thereon, or the interest accrued on

installments not yet matured, no defense or objection shall be made or heard which might have been interposed in the proceeding for the making of such assessment, or the application for confirmation thereof, and no errors in the proceeding to confirm, not affecting the power of the court to entertain and consider the petition therefor, shall be deemed a defense to the application herein provided for. When such application is made for judgment of sale on an installment only of an assessment payable by installments, all questions affecting the jurisdiction of the court to enter the judgment of confirmation and the validity of the proceedings shall be raised and determined on the first of such applications. ,On application for judgment of sale on any subsequent installment, no defense, except as to the legality of the pending proceeding, the amount to be paid, or actual payment, shall be made or heard. And it shall be no defense to the application for judgment on any assessment or any installment thereof that the work done under any ordinance for an improvement does not conform to the requirements of such ordinance, if it shall appear that the said work has been accepted by or under the direction of the board of local improvements. And the voluntary payment by the owner or his agent of any installment of any assessment levied on any lot, block, tract or parcel of land, shall be deemed and held in law to be an assent to the confirmation of the assessment roll, and to be held to release and waive any and all right of such owner to enter objections to the application for judgment of sale and order for sale." Starr & C. Ann. St. Supp. 1902, c. 24, par. 103.

Ordinarily a void proceeding cannot be made valid by laches or even consent., If it is void, no one is bound by it at any stage thereof. If said amended section 66 is to be construed to mean that courts can be by statute deprived of the power to inquire into a jurisdictional point at any time, the legislature must be held to have exceeded its prerogatives.

The courts are an independent arm of the government, and have a constitutional power distinct from that of the other branches of government in which they are supreme. They cannot be deprived of the power to declare void any proceeding which is the result of the assumption of unconstitutional powers by its author.

In the case of Downey et al. v. People, etc. (decided by the Illinois Supreme Court at its October, 1902, term, but apparently not officially reported) 68 N. E. 807, section 66 is sustained. It would seem that the term "jurisdiction" is used somewhat loosely in the act. It will be observed, however, that the jurisdictional clause herein raised grows out of the statute, and does not present a constitutional question. It was within the power of the state Legislature to have made the inclusion in the resolution of the board of a summary statement of the engineer's estimate of the amount required a basis for the assessment, instead of an itemized statement thereof.

Considering now that said section 66 is a part of the very act which prescribes the initial step aforesaid, and considering them both together, it is quite in accord with the rule obtaining in the construction of statutes to read them as one section, each qualifying the other. We should then have section 7 of the act of 1897 of the Illinois Legislature and amended section 66 thereof so reading as to provide that the inclusion of the engineer's itemized estimate in the resolution should not be deemed a prerequisite in such case, unless raised and determined upon the application for judgment of sale upon the first installment. If the objection had been raised at that hearing, the ruling in Bickerdike v. City of Chicago would apply. It was

within the power of the Legislature to pass such an act. This court will give effect to the whole act. So construed, there remains no ground for questioning the terms of the act.

There is no such lack of jurisdiction in the original proceedings as would take the case out of the ordinary rule of law, which provides that judgment of a court shall not be attacked collaterally. The remaining point, of want of proper notice, was disposed of in the state court proceedings.

The demurrer is sustained, and the bill dismissed, for want of equity.