THE PEOPLE *ex rel.* T. F. Russell, County Treasurer,

*v.*

JOHN B. COLEGROVE.

*Opinion filed December 20, 1905.*

1. SPECIAL ASSESSMENTS—*when property is not sufficiently described.* A description of land in an application for judgment of sale as being a tract of land 62½ feet wide by 142 feet in the southeast quarter of section 27, town 13, range 2, west, the description in the delinquent list returned by the city collector of special assessments being the same except that it shows the land abuts on a certain street, is too indefinite to support a judgment.

2. The case of *People ex rel.* v. *Brown,* (*ante,* p. 375,) is decisive of the other questions raised in this case.

APPEAL from the County Court of Christian county; the Hon. JAMES H. FORRESTER, Judge, presiding.

ARTHUR YOCKEY, City Attorney, and R. C. NEFF, State's Attorney, (JAMES M. TAYLOR, LESLIE J. TAYLOR, and HUGH CREA, of counsel,) for appellant.

J. C. & W. B. McBRIDE, and FRANK P. DRENNAN, (PROVINE & PROVINE, and J. A. MERRY, of counsel,) for appellee.

Per CURIAM: This case involves the same objections to an application to the county court of Christian county for judgment and order of sale for delinquent special assessments that were passed upon by this court in the case of *People ex rel.* v. *Brown,* (*ante,* p. 375,) where a complete statement of the facts will be found. It is unnecessary to discuss those objections here.

An additional objection was made, however, to the application for judgment against the property here involved which was not made in the *Brown case,* viz., that the description of the property against which judgment is sought is so indefinite that the property is not capable of identification. We think this is a meritorious objection. The prop-

218—35

erty is described in the application for judgment as being a tract of land 62½ feet by 142 feet in the south-east quarter of section 27, town 13, range 2, west. The description is the same in the. list of lands returned delinquent by the city collector of special assessments, except that it shows that the tract of land abuts on Market street. The description in the assessment roll is still more ambiguous, as it does not even give the dimensions of the tract of land.

It is apparent that the property against which judgment is here sought cannot be located by a competent surveyor either by the description under which it was assessed or by the description under which it was returned delinquent, which forms the basis for the application for judgment. A judgment rendered under such circumstances could attach to no property, and would therefore be a nullity. *People* v. *Eggers,* 164 Ill. 515; *People* v. *Clifford,* 166 id. 165; *Upton* v. *People,* 176 id. 632; *Vennum* v. *People,* 188 id. 158; *Carrington* v. *People,* 195 id. 484.

The court did not err in sustaining this objection to the application for judgment and order of sale.

The judgment of the county court will be affirmed.

*Judgment affirmed.*