THE PEOPLE *ex rel.* Frank A. Rogers, County Treasurer, Appellee, *vs.* SALLIE G. OWENS, Appellant.

*Opinion filed December 17, 1907.*

1. SPECIAL ASSESSMENTS—*when a misdescription of property is fatal.* A judgment confirming a special assessment against land by a description not supported by any authenticated plat or survey or by any deed or conveyance is a nullity, and the objection may be raised upon application for judgment of sale, notwithstanding the objector has paid her taxes by such description and has paid one installment of the assessment without objection. (*Harts* v. *People,* 171 Ill. 373, distinguished.)

2. SAME—*when objector is not estopped by payment of taxes and installment of assessment.* Payments of taxes and one installment of a special assessment by the description contained in the assessment roll, which description is not supported by any authenticated plat, survey, deed or conveyance, must be regarded as voluntary contributions by the owner, and do not estop her from objecting to further compulsory payment of the special assessment.

3. SAME—*judgment against land by a void description is void.* If land is specially assessed by a void description the judgment is void and may be attacked collaterally, notwithstanding the owner may have entered a general appearance in the county court.

APPEAL from the County Court of Marion county; the Hon. JOHN S. STONECIPHER, Judge, presiding.

KAGY & VANDERVORT, for appellant. ·

E. D. TELFORD, and JUNE C. SMITH, (CHARLES H. HOLT, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the judgment of the county court of Marion county overruling objections to the application for judgment of sale for the delinquent second installment of a special assessment levied for a certain street improvement in the city of Salem, in said county.

The principal objection made is, that the assessment roll in the original assessment described the property of appellant as "out-lot 52," and it is clear that there is no authenticated plat or survey of said out-lot on record. Proof was offered, however, that in 1870 a surveyor was employed by the city council of Salem to make a complete map of the city for its use and benefit, and such plat was accepted by the council but that the original was lost without being recorded. An attempt was made to prove a copy of said survey. Testimony was also offered that on the plat of this survey out-lot No. 52 was shown, and testimony tending to show that at each of the four corners of said out-lot a stone was placed at the time of said survey, and that in a deed conveying to appellant part of the property in question by metes and bounds, reference was made to each of these four stones. As to this latter testimony it is sufficient to say that even though these stones were referred to, neither the plat nor out-lot 52 was mentioned or recognized in the deed. A proceeding of this character is against the land, and the land must be capable of identification or the judgment is necessarily void. Appellant owned the property in question, but it could not be identified by a surveyor as out-lot 52 from any authenticated plat or survey nor by any deed conveying the property to her. The judgment of sale entered by the county court against this property as out-lot 52 is a nullity. *People* v. *Eggers,* 164 Ill. 515.

But it is insisted appellant paid her taxes from year to year, as well as the first installment of this assessment, by the description objected to herein, and that under the au-

thority of *Harts* v. *People,* 171 Ill. 373, she has voluntarily acknowledged the plat and cannot now object to the description based on it. In this last case Harts had acknowledged the plat and adopted it by describing the property in two conveyances in accordance with the description in the plat. There was no such acknowledgment here. If the description was void the previous payments can only be regarded as voluntary contributions on the part of appellant, and she is not estopped from objecting to further compulsory payments. (*Upton* v. *People,* 176 Ill. 632.) What is said in this last case is decisive against the argument that section 66 of the Local Improvement act (Hurd's Stat. 1905, p. 420,) will prevent this objection being made because the first installment has been paid. The cases of *Downey* v. *People,* 205 Ill. 230, *Gross* v. *People,* 193 id. 260, *McDonald* v. *People,* 206 id. 624, *Fischback* v. *People,* 191 id. 171, and others of similar nature, cited by appellee in support of the contention that if the first installment is paid the objector can not afterwards object to paying the second installment, were all instances in which the proceedings were not void, but only voidable if objections had been raised at the proper time.

The authorities cited by appellee to the effect that having entered a general appearance in the court below appellant cannot be heard to raise the objection as to this void description in a collateral attack are not in point on this question, because a proceeding that is absolutely void can be attacked, collaterally or directly, at any time. The judgment was entered by the county court in this proceeding against property which had no existence, and it was therefore void. *Vennum* v. *People,* 188 Ill. 158; *People* v. *Clifford,* 166 id. 165; *People* v. *Colegrove,* 218 id. 545; *Harman* v. *People,* 214 id. 454; *Glos* v. *Ehrhardt,* 224 id. 532.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*