THE CITY OF TAYLORVILLE, Defendant in Error, *vs.* T. H. JOHNSON, Plaintiff in Error.

*Opinion filed October 26, 1909—Rehearing denied Dec. 9, 1909.*

1. SPECIAL ASSESSMENTS—*what necessary to justify assessment under section 60 of the Improvement act.* Before a special assessment can be levied, under section 60 of the Local Improvement act, against alleged delinquent property, it is necessary that a previous assessment shall have been made on such property which the city was unable to collect and for which such property is delinquent.

2. SAME—*when assessment under section 60 of Improvement act cannot be sustained.* A special assessment, under section 60 of the Local Improvement act, against alleged delinquent property cannot be sustained on appeal, where it does not appear from the record that such property was described in any previous assessment roll or that any judgment was entered confirming an assessment against it which the city has failed to collect.

3. SAME—*if property is not sufficiently described in the original roll it cannot be re-assessed under section 60.* If the description under which it was attempted to levy a special assessment against certain property was so insufficient that it is impossible to identify it, the property cannot be re-assessed, under section 60 of the Local Improvement act, for alleged delinquency.

4. SAME—*confirmation judgment is several as to each tract.* A judgment confirming a special assessment is a several judgment as to each tract of land.

WRIT OF ERROR to the County Court of Christian county; the Hon. J. H. MORGAN, Judge, presiding.

FRANK P. DRENNAN, (J. C. & W. B. McBRIDE, of counsel,) for plaintiff in error.

LESLIE J. TAYLOR, (JAMES M. TAYLOR, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is a writ of error to review a judgment of the county court of Christian county confirming a special assessment. On July 14, 1903, the city council of Taylorville passed an ordinance for the paving of certain streets in that city, and a judgment of confirmation of a special assessment therefor was rendered on August 17, 1903. At the June term, 1905, of the county court of Christian county application was made for judgment and order of sale of certain parcels of property for alleged delinquent installments of this assessment. Objection was made that the description of the property against which judgment was sought was so indefinite that the property was not capable of identification. Judgment was refused and the judgment of the county court was affirmed by this court. (*People* v. *Colegrove,* 218 Ill. 545.) In the meantime the improvement had been completed and accepted by the city and the certificate of such completion and acceptance had been approved by the county court. On August 3, 1908, the city council passed another ordinance reciting the foregoing facts and that certain tracts of land were delinquent to the total amount assessed against them and levying a special tax against such delinquent tracts, which were severally described, to the amount each of said tracts was so delinquent. Thereupon a petition was filed for the levy of such special tax upon various parcels of land described by metes and bounds. The plaintiff in error being the owner of one of said parcels appeared and filed objections, but his objections were overruled and judgment of confirmation was entered against his land.

It is contended on behalf of the city that the new assessment is authorized by section 60 of the Local Improvement act, which provides that "if from any cause any city, village or town shall fail to collect the whole or any portion of any special assessment or special tax which may be levied, which shall not be canceled or set aside by the order of any court, for any public improvement authorized to be made and paid for by a special assessment or a special tax, the city council or board of trustees may, at any time within five years after the confirmation of the original assessment, direct a new assessment to be made upon the delinquent property for the amount of such deficiency and interest thereon from the date of such original assessment," etc.   (Hurd's Stat. 1908, p. 437.)   Before an assessment can be made under this section upon any property it is necessary that a previous assessment shall have been made on such property which the city shall have been unable to collect and for which such property shall be delinquent. The judgment of confirmation of a special assessment is a several judgment against each tract.   The record does not show that any judgment of confirmation was entered against the land involved in this proceeding.   There was no assessment levied against it, no deficiency for which it was delinquent, no tax or assessment which the city had failed to collect. It was not described in the assessment roll.   If any attempt was made to assess it the description was so defective that it could not be identified.   If it was impossible in the former proceeding to identify the land claimed to have been assessed and against which judgment was asked, it is now impossible to identify the land claimed to have been assessed as that sought to be assessed under the new ordinance.

The county court erred in confirming the assessment, and its judgment will therefore be reversed and the cause remanded, with directions to dismiss the petition.

*Reversed and remanded, with directions.*