JOHN CALLISTER *et al.*

*v.*

DANIEL H. KOCHERSPERGER, County Treasurer, *et al.*

*Opinion filed November 1, 1897.*

SPECIAL ASSESSMENTS—*when property owner's remedy is mandamus, and not injunction.* Where the work done by a contractor in constructing an improvement has been accepted by the city and the contractor settled with and paid, the remedy for a property owner claiming that the work has not been done in accordance with the assessment ordinance is *mandamus* to compel the city to complete the work as contemplated by the ordinance. Injunction to restrain the collection of the assessment will not be awarded.

APPEAL from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

This is an appeal from a decree entered in the circuit court of Cook county sustaining a general demurrer to a bill in chancery filed by appellants against the appellees, and dismissing the bill at the cost of the appellants.

The allegations of the bill were in substance as follows: That complainants were, on and prior to July 2, 1894, and ever since have been and are now, the owners, respectively, of certain described lots "situated in the city of Chicago; that said lots 13, 14, 22, 23 and 24 are situated on the south side of West Harrison street, between Paulina street and Western avenue, and have a north frontage on West Harrison street; that on or about the second day of July, 1894, the city council of the city of Chicago passed an ordinance providing for the grading and paving with sheet asphalt, of West Harrison street from the west lot line of Paulina street to the east lot line of Western avenue produced, except the central sixteen feet thereof; that said ordinance further provided that an opening eight inches by four inches in size, which should be covered with an iron grating, should be made through the pavement into each catch-basin along the

line of said improvement, on the side of the catch-basin
nearest to the curb line of said street, and a hollow vitri-
fied tile-pipe of the same size should be laid so as to con-
nect the surface of the pavement at such opening with
the inside of such catch-basin, for the purpose of carry-
ing surface water from the pavement; that said ordinance
prescribes continuous improvement from Paulina street
to Western avenue, and that the improvement as con-
structed omits the intersection of Ogden avenue and West
Harrison street, which is the most prominent intersec-
tion on the line of the improvement; that the provisions
of section 5 of said ordinance, prescribing the manner of
constructing the surface drains to connect with the catch-
basins, viz., that they be hollow vitrified tile-pipe cov-
ered with an iron grating, have been entirely omitted;
that the said improvement as constructed is less benefi-
cial to your orators' said real estate than the improve-
ment as prescribed by the ordinance; that commissioners
were appointed to make an estimate of the cost of the
improvement; that the city of Chicago filed its petition
in the county court of Cook county for proceedings to
assess the cost of the improvement, and commissioners
were appointed to make an assessment of the cost of the
improvement upon property benefited by said improve-
ment; that on the 30th day of August, 1894, said commis-
sioners certified the assessment roll to said county court;
that on or about the 26th day of September, 1894, judg-
ment of confirmation was entered by the county court
confirming the assessments against complainants' lands;
that the clerk certified said assessment roll and judg-
ment to the city collector; that the county court gave
judgment to sell complainants' lands at the July term,
1896, and in pursuance of said judgment the collector
threatens to sell said property; that the commissioners
estimated the number of square yards required by the
ordinance to be paved with sheet asphalt at 12,583.84,
which number of square yards included the area of the

street intersections; that on the 18th of October, 1894, the contract was let, and by said contract and specifications thereto attached the contractor was required to pave the entire roadway of West Harrison street (except the central sixteen feet) from the west line of Paulina street to the east line of Western avenue; that the number of square yards required to be paved by the contractor was 12,583.84; that the contractor was also required to make an opening eight inches by four inches in size, which should be covered with an iron grating, through the pavement into each catch-basin along the line of said improvement on the side of the catch-basin nearest to the curb line of said street, and a hollow vitrified tile-pipe of the same size should be laid so as to connect the surface of the pavement at such opening with the inside of such catch-basin, for the purpose of carrying the surface water from the pavement; that the city paid the contractor the agreed price, and that on or about the 23d day of November, 1895, a final settlement was made with the contractor; that the portion of West Harrison street to be paved included divers intersections of streets and avenues which cross and intersect West Harrison street between Paulina street and Western avenue; that Ogden avenue crosses West Harrison street between the points aforesaid in a south-westerly direction, thereby forming a very large street intersection; that the said intersection of Ogden avenue and West Harrison street constituted a part of the roadway to be paved, and that the cost of paving said intersection entered into the estimate made by said commissioners and into the assessment levied and confirmed as aforesaid, and constituted a very considerable part thereof; that the intersection of Ogden avenue and West Harrison street has not been paved and improved as provided in said ordinance and contract, nor have the said catch-basins, or any of them, along the line of said improvement, been covered with an iron grating, as required by said ordinance and by said contract, nor

have the said hollow vitrified tile-pipes been laid so as
to connect the surface of the pavement at the opening of
said catch-basins with the inside of each catch-basin, as
required by said ordinance and by said contract,—which
said portions of said improvement constituted a very con-
siderable part of said estimate for said improvement, and
of the assessment for such improvement so levied and
confirmed against the property of your orators, as afore-
said, and entered into the said judgment for sale against
which relief is herein prayed; that at the time of the
confirmation of said assessment none of the work of said
improvement was performed, and your orators had no
opportunity of knowing or means of knowledge that the
said work would not be performed; that at the time of
application for judgment, and at the time of the rendi-
tion of said judgment for sale, and during the term of
court at which said judgment was rendered, your orators
had no knowledge that the said work had not been fully
performed or that a portion of said improvement had
been abandoned, and no knowledge that said contract for
the doing of said work was an executed contract; that
said judgment of confirmation and said judgment for sale
were both entered by default, your orators having entered
no appearance therein, and that the term has passed at
which said judgment for sale was rendered; that the con-
firmation of said assessment by the county court was for
said improvement as an entirety;  *  *  *  that the judg-
ment under which said county collector is now proceed-
ing to sell said property of your orators is for an entirely
different improvement provided for by said ordinance
and for which said order of confirmation was entered as
aforesaid, and that the said improvement as constructed
has not nor does not enhance the market value of your
orators' said described property, nor does it specially in-
crease the market value of your orators' said property
for the highest and best uses to which it may reasonably
be put; that by reason of the facts aforesaid there is a

168—22

judgment for sale against said property of your orators, and a threatened sale of said property for a pretended improvement which has not been made and which improvement said city of Chicago does not intend to make; that your orators have applied to said county collector and requested him to stay the sale of said property under said precept or execution, but that said collector has declined and refused so to do, claiming that he is compelled by said precept or execution to sell said property of your orators to satisfy the same."

Prayer for an injunction to restrain the sale of the real estate, to be made perpetual on final hearing, and that said judgment be declared to be not a lien upon said property, etc., and such other and further relief in the premises as equity may require.

MAHER & GILBERT, for appellants.

WILLIAM G. BEALE, Corporation Counsel, and EDWARD B. BURLING, Assistant, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Courts of equity will interfere to restrain any substantial departure from the terms of an ordinance in the performance of work thereunder, if applied to in apt time, while the work is in progress. If the work as performed by the contractor is accepted by the city and the contractor settled with and paid, as is the case here, the remedy to be invoked by the property holder, if the work is not done in substantial compliance with the provisions of the ordinance, is the writ of *mandamus* to compel the city authorities to complete the work as contemplated by the ordinance. (*Fisher* v. *People,* 157 Ill. 85; *People ex rel.* v. *Green,* 158 id. 594.) An injunction will not be awarded in such case to restrain the collection of a special assessment, therefore the bill was obnoxious to the demurrer.

The decree is affirmed.

*Decree affirmed.*