WILLIAM C. HEINROTH et al.

v.

DANIEL H. KOCHERSPERGER.

Opinion filed April 21, 1898.

1. EQUITY—aid of equity cannot be invoked if a remedy exists at law. The aid of a court of equity can be invoked only in the absence of an adequate remedy at law.

2. INJUNCTIONS—jurisdiction of equity to enjoin the collection of tax. Equity will enjoin the collection of a tax only where the tax is void or levied without authority of law, or the property assessed is exempt from taxation.

3. SAME—tax cannot be enjoined because improvement was not constructed in conformity to ordinance. The collection of a special assessment can not be enjoined upon the ground that the city had omitted to build certain catch-basins or to supply proper covers for man-holes, as provided in the ordinance, as mandamus lies to compel the performance of the work in accordance with the ordinance.

4. SAME—remedy where city is about to pay contractor for imperfect work. Where a city is about to pay the contractor for work not performed in accordance with the improvement ordinance, the remedy is not to enjoin the collection of the assessment, but to restrain the city from improperly paying out the funds.

5. SAME—alleged fraud by city in letting contract is not ground for enjoining assessment. The fact that a city fraudulently relieved certain contractors from performing parts of their contracts and is about to pay other contractors for completing the work from which the other contractors were relieved, is not ground for enjoining the collection of the assessment.

6. SAME—what allegation is not sufficient to authorize enjoining assessment. An allegation that since a sewer constructed by special assessment was completed the city, without change in the boundaries of the drainage district, had constructed other sewers outside the district which opened into the original sewer, is not ground for enjoining the collection of the assessment for the latter.

7. PARTIES—city is a necessary party to bill for injunction on ground of fraud by city officials. The city is a necessary party, and the only party beneficially interested, to a bill seeking to enjoin the execution of a special assessment judgment on the ground of alleged delinquencies, fraud and unlawful acts of the city officials.

8. PRACTICE—chancery—court should treat motion to dissolve as a demurrer to bill. A motion to dissolve a temporary injunction for insufficiency of the bill is treated as a demurrer, and the bill should be dismissed if there is want of equity.

APPEAL from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

SAMUEL J. HOWE, and N. H. HANCHETTE, for appellants.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for appellee.

Per CURIAM: The appellants are owners, respectively, of a number of lots and parcels of land situated in the city of Chicago. The city, on October 19, 1891, adopted an ordinance providing for the construction of a system of sewers in Wentworth avenue, Ninety-ninth, Halsted, St. Charles and other streets, and for the creation of a drainage district in connection therewith. The lots and parcels of land owned by appellants were adjudged to be benefited by the improvement contemplated by the ordinance, and such benefits were duly estimated and the estimate regularly confirmed at the May term, 1892, of the county court of Cook county. The improvement provided by the ordinance was extensive and expensive. The assessment as confirmed reached, in the aggregate, the sum of $799,679.16. It was divided into five equal installments, four of which the appellants have fully paid. In default of payment of the fifth installment, judgment therefor was rendered against their respective premises by the county court of Cook county at its July term, 1897.

The appellee is county treasurer and *ex officio* collector of taxes in and for the said Cook county. On the 24th day of December, 1897, the appellants (twenty-nine in number) filed in the Superior Court of Cook county their bill in chancery against the appellee, as treasurer and *ex officio* collector, representing that the said treasurer was about to engage in selling the lands and lots against which said judgment had been rendered for non-payment of said fifth installment of said assessment, and praying that because of the matters and things alleged in the bill the said

treasurer and *ex officio* collector should be restrained from selling said lands and lots belonging to the complainants in the bill (the appellants.) A preliminary injunction was issued without notice and served on the appellee. Appellee, by his counsel, entered his motion to dissolve the injunction, and on this motion a decree was entered dissolving the injunction and dismissing the bill for want of equity. The motion seems to have been made orally, but it is apparent from the decree of the court the ground thereof was that the allegations of the bill were not sufficient to warrant the issuance of the writ.

The bill is too lengthy to be here set out *in extenso*, and in the view we take of the case the questions arising may be as well considered by reference to the allegations of the bill as by a full recital thereof.

It is conceded the judgment for the sale of the lands and lots is regular and valid, and it is not complained that anything has been done or omitted to be done by the appellee which would affect his legal power and authority as treasurer and *ex officio* collector to sell the premises in question. Nor is any act of the appellee, either as an official or as an individual, or any failure upon his part to act in either capacity, alleged in the bill or in anywise relied upon as ground for the exercise of the restraining power of the court. The prayer for an injunction rests solely upon alleged fraudulent practices, delinquencies, trespasses, wrongs, *laches*, and acts of favoritism and oppression upon the part of officials of the city of Chicago. Neither the city nor any of such officials were made defendants to the bill, and nothing to be found in the bill indicates it was within the contemplation, or even the desire, of complainants that the matters and things alleged against the city, and which constituted the grounds for the interference of a court of equity, should be adjudicated between themselves and the city by the court. The sole relief asked was, that the county treasurer and *ex officio* collector should be restrained from performing

the duty devolving upon him by law of selling the lands
and lots in pursuance of a confessedly lawful and bind-
ing judgment of the county court.    We have carefully
consulted the allegations of the bill and think them in-
sufficient to authorize the exercise of the extraordinary
restraining power of a court of equity.  It is fundamental
that the aid of equity can only be invoked in the absence
of an adequate legal remedy.

The general allegation that the improvement was not
made in compliance with the provisions of the ordinance
was but the statement of the conclusion of the pleader,
upon which no issue of fact could be framed.    Certain
alleged delinquencies in this respect were specified, viz.,
that certain catch-basins provided by ordinance to be
built at different points along the line of the sewer were
wholly omitted; that the man-holes along the sewers were
not furnished with iron covers, as required by the ordi-
nance, and other similar instances of non-compliance with
the terms and conditions of the ordinance.    We held in
*Callister* v. *Kochersperger*, 168 Ill. 334, that the aid of a writ
of injunction might be invoked, while the work was in
progress, to restrain the city from performing the work
in a mode or manner not consistent with the terms of
the ordinance, and that if the city accepted the work as
performed by the contractor, and the requirements of
the ordinance had not been complied with, resort might
be had to the writ of *mandamus* to compel the city to
construct and complete the work in accordance with the
specifications and conditions of the ordinance.    Thus, it
would seem, complete and adequate remedies are provided
to enable the property owners to secure the improvement
which the city undertook, by the ordinance, to supply
and construct.    That being true, no reason is perceived
why the court, in the case at bar, should restrain the col-
lection of the assessment upon the ground the city had
omitted to build the catch-basins or to supply proper
covers for the man-holes, or had otherwise failed to com-

plete the work in the mode and manner pointed out by the ordinance.    The rights and interests of all the property owners whose property has been specially assessed, and of the tax-payers generally in the city, are best conserved by requiring all assessments to be paid and enforcing completion of the improvement according to the terms of the ordinance, and no injustice would be suffered by the complainants herein by the adoption of such a course.

The bill alleged that by reason of the failure to provide the said catch-basins, and because of the improper construction of the sewers, the natural flow of the water had been obstructed and the water caused to flow back upon and flood and damage the lands and lots of the complainants, and the argument of counsel seems to be that the sale of lands under the judgment should be enjoined until the damages thus inflicted were adjudicated or in some way adjusted, and the amount thereof applied in reduction of the assessments.    No reason is suggested why the general rule that unliquidated damages arising out of a tort cannot be made the subject matter of set-off should not have full operation, and, indeed, so many other reasons why such damages cannot and should not be considered in the equitable proceeding at once suggest themselves that serious discussion of the point is not at all necessary.

If it is true, as alleged, that the city is about to pay the contractors for work not performed according to the contract, or for work in which common brick were used instead of sewer brick, as it is alleged the ordinance and the contracts with such contractors required, the remedy is not to enjoin the collector from selling land to collect the assessment, but to ask that the city be restrained from thus improperly paying out the fund.

The allegations that the complainants, and other owners of property specially assessed for the purpose of raising the funds necessary to make the improvement, have been or will be damaged by reason of certain al-

173—14

leged fraudulent contracts and stipulations entered into between the officials of the city and the West Pullman Land Association, may furnish grounds for the institution of suit or suits for the purpose of vacating or annulling such contracts and stipulations or enjoining the fulfillment of such contracts or stipulations, but do not constitute reasons for relieving the complainants from the payment of their special assessments. Nothing developed in such allegations operates to take the case out of the general rule, well established by repeated decisions of this court, that equity will only restrain the collection of a tax in case the tax is void or levied without authority of law, or the property taxed is exempt from taxation.

The same rule applies to the alleged wrongful acts and agreements averred to have been entered into by the city officials, whereby, as it is alleged, certain property owners were relieved from paying assessments upon their property. If it be true, as alleged, the officials of the city purposely omitted from the rolls and records assessments which had been confirmed against the property of other designated persons, and that such officials have neglected to have dismissed an appeal which it is alleged a certain other property owner prayed from the judgment of confirmation, but which appeal was not perfected, the writ of *mandamus* may be invoked to compel the city to restore the omitted property to the rolls and collect the assessments thereon, and to take the necessary steps to have the appeal in question dismissed. And the coercive power of the same writ of *mandamus* may be invoked to compel the city authorities to permit complainants to inspect the books and records in the offices of the commissioner of public works and the superintendent of sewers, if they are found entitled to so inspect and examine such books and records.

If the city, as alleged, fraudulently and unlawfully relieved certain contractors from the performance of des-

ignated conditions of their contract, and is about to pay other contractors large sums to perform the work which said first contractors were relieved from performing, the remedy for such wrongs, if wrongs they prove to be, is not refusal to pay assessments, but proceedings in the courts, to which all parties interested are made parties and wherein the rights and interests of all concerned can be developed and properly adjusted. The power to institute such actions does not rest in the city alone, but the complainants may, in proper cases, invoke the aid of the courts. As the result of a full review of the authorities bearing upon this question, Mr. Dillon, in his work on Municipal Corporations, (sec. 921, p. 1117, 2d ed.) says: "There is no doubt but that the corporation may in its own name bring suits, in proper cases, to be relieved against illegal, unauthorized or fraudulent acts on the part of its officers. Since, however, experience has shown how liable these corporations are to be betrayed by those who have the temporary management of their concerns, it would never do, we think, for the courts to hold that relief against illegal or wrongful acts can be had only by an authorized suit brought by and in the name of the corporation."

All other allegations of the bill relied upon as a ground for enjoining the collection of the assessments (save one, which will be hereafter referred to,) fall within principles hereinbefore announced, and therefore need not be specifically discussed. The excepted allegation is as follows: "Complainants further charge, that since the building of said sewer, and without any legal change in the boundary lines of the drainage district, said city has constructed various other sewers which have their beginnings outside of said district and drain large tracts of land outside of said district, which sewers have their outlet in said Wentworth avenue sewer." It is not averred the opening of other sewers into the Wentworth avenue sewer has in any degree impaired the usefulness of the latter sewer or ren-

dered it less beneficial to the property of complainants. We are to construe the averment most strongly against complainants, and in the absence of any averment to the contrary it is not inconsistent with the allegation that some reasonable and proper consideration induced the city to connect the different sewers. At all events, the bare allegation that such connection has been made is not sufficient to warrant the award of a writ of injunction relieving complainants from payment of their assessments.

We have alluded to the fact that although the sole grounds relied upon to justify the interposition of a court of chancery to enjoin the execution of the judgment consisted of alleged delinquencies, frauds, *laches* and unlawful acts of the officials of the city of Chicago, and notwithstanding the fact the said city of Chicago was the party seeking the recovery of the tax, (the treasurer being but an instrument of the law charged with the duty of selling the land in pursuance of a judgment,) the city of Chicago was not made a party defendant to the bill. The city is a necessary party to the proceeding, and the only party beneficially interested, as defendant, thereto. It should have been made a party defendant. (*Knopf* v. *Chicago Real Estate Board, ante,* p. 196.) The issues sought to be raised and determined did not affect the appellee in his official capacity or as an individual, and the only necessity for his presence in the case grew out of the desire of complainants that the sale of the land should be stayed pending the litigation between the city and the complainants. The injunction was but incidental to the proper purposes of the bill, and therefore should not have been granted on a bill so framed as to leave out of the case the real party to the controversy, and to bring in as the only defendant another whose presence was only necessary to preserve the *statu quo* until the issues to be raised under the bill between the complainants and the real defendant could be heard and determined by the court. It is not the proper practice, however, to dismiss a bill in chancery, on

motion, for want of proper parties. (*Thomas* v. *Adams*, 30 Ill. 37.) In such a case leave should be given to amend, and bring before the court all who are necessary to the proper disposition of the cause. Yet, as we have before remarked, an injunction should not have been granted on the bill in the case at bar, the city not being made a defendant.

The Superior Court treated the motion to dissolve as a demurrer to the bill and dissolved the injunction and dismissed the bill. This is correct practice if there is want of equity in the bill. High on Injunctions, sec. 1706.

The Superior Court held the bill did not disclose any grounds for the relief prayed, and in this view we concur. The decree is affirmed.

*Decree affirmed.*