LAWRENCE E. WHITE *et al.* Appellants, *vs.* THE CITY OF
OTTAWA *et al.* Appellees.

*Opinion filed October 28, 1925—Petition stricken Dec. 2, 1925.*

1. SPECIAL ASSESSMENTS—*section 84 of Local Improvement act
provides adequate hearing—equity.* Section 84 of the Local Improvement act, as amended in 1903, provides adequate and complete relief against a substantial departure from the requirements of an improvement ordinance in the construction of the improvement where the assessment is levied in installments, and the jurisdiction of equity heretofore entertained to stop the progress of the work by injunction is abolished by implication.

2. SAME—*section 84 of Local Improvement act is valid.* Section 84 of the Local Improvement act, to compel substantial compliance with an improvement ordinance and providing for a hearing of the question, is not invalid in requiring only "substantial" compliance, as it requires a finding by the court of performance in good faith and compliance with the essential requirements of the ordinance necessary to the accomplishment of the purpose of the improvement before the property owner can be compelled to pay, and the fact that an appeal or writ of error is not allowed for reviewing such finding does not affect the validity of the statute.

3. SAME—*special assessment proceeding is statutory.* The proceeding to provide for the construction of a local improvement by special assessment is a special statutory proceeding which did not exist at common law and of which special courts, only, have jurisdiction.

4. JURISDICTION—*jurisdiction in a special statutory proceeding
may be conferred on particular court to exclusion of others.* In special statutory proceedings the legislature may confer jurisdiction to determine the questions arising therein on any court that it may choose, to the exclusion of all others, provided adequate protection is furnished to the rights of persons concerned.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

WOODWARD, HIBBS & POOL, and BUTTERS, CLARK & BUTTERS, for appellants.

H. L. RICHOLSON, City Attorney, (A. J. O'CONOR, and RICHOLSON, ARMSTRONG & O'MEARA, of counsel,) for appellees.

Per CURIAM: Lawrence E. White, James P. Catlin, Lorenzo Leland, Arthur Colwell, LaSalle County Fair Association and R. J. McDonald, appellants, filed their bill for mandatory injunction in the circuit court of LaSalle county against the city of Ottawa, the members of the council, the treasurer of the city, and V. C. McLain and A. G. Fletcher, partners, doing business as Midwest Engineering Company, appellees, to compel them to construct a local improvement and to enjoin the issuance and payment of any bonds or vouchers for work not done in conformity with the ordinance and contract. The court sustained a demurrer to the bill and dismissed it for want of equity. A writ of error was sued out of the Appellate Court for the Second District to review the record. The Appellate Court affirmed the decree and granted a certificate of importance and an appeal to this court.

The allegations of the bill are in substance the following: The city of Ottawa enacted an ordinance for the improvement of certain streets by grading, draining, curbing and paving, to be paid for by special assessment, to be divided into installments. A petition was filed in the county court to levy special assessments for the improvement, and the assessment roll was filed, and confirmed by the county court. A contract was entered into between the city council and the Midwest Engineering Company for the construction of the work, and the company executed its bond for the faithful performance of the work according to the provisions of the ordinance and contract. The contract and ordinance, each set out *in hæc verba,* required that the wearing surface of the pavement should be of the best quality of re-pressed vitrified brick of certain dimensions; that the

concrete base be constructed of exact parts and kinds of cement, sand, limestone and gravel, four inches in thickness; that the curb and gutter should be constructed of the same kind of concrete, eighteen inches in width and six inches in thickness and varying in depth from ten to fifteen inches; and that the sub-grade of the pavement be eight inches below the surface of the finished pavement. The Midwest Engineering Company is engaged in the construction of the improvement and has constructed a large part of it, but has not constructed, and is not now constructing, the same in conformity with the requirements of the ordinance and contract. The company has not furnished any of the materials according to the contract and ordinance but has used inferior materials, and has not complied with the provisions of the ordinance as to the manner of the construction of the improvement. The bricks used and being used are not of the best quality of re-pressed vitrified brick but are wire cut and not re-pressed, and are irregular in shape and of less dimensions in length, width and thickness than required by the ordinance and of greater variance in dimensions than permitted by the ordinance. The bricks are seconds, do not have a bulge or bevel of three thirty-seconds of an inch on the ends, are flat, and when subjected to the rattler test lose more than twenty-three per cent of their weight. The concrete base is not being constructed in accordance with the contract and ordinance. In numerous instances and in large areas thereof it is materially less than four inches in thickness and made of a less proportion of cement than required. The combined curb and gutter is not of the required width and thickness and has been constructed materially different from and inferior to the requirements of the ordinance and contract. The work already performed is materially variant in character, kind and quality of materials used, and the manner and form of construction vary to such an extent that when completed the improvement will be of materially less value than contemplated by the ordi-

318—30

nance and contract. The asphalt filler has not been heated to the required temperature and has not been used so that all joints between the bricks are completely filled. Appellants served notice in writing on the city of Ottawa and the Midwest Engineering Company more than thirty days before filing the bill, notifying them that the work already done and being done did not conform to the requirements of the ordinance and contract and is materially variant and inferior, and demanding that the city compel the contractor to perform the contract according to its terms. Neither the city council nor the contractor gave any heed to this notice but insisted that the work was being done according to the contract, and the city council knowingly and willfully acquiesced in the violations of the contract and the city officials have acted willfully and wrongfully, with the deliberate intention of foisting upon the property owners an improvement materially less in value and of less durability than the one specified in the ordinance. The city has from time to time issued and delivered vouchers and bonds to the company for the work as it progressed, and will continue to do so unless enjoined from so doing, and appellants will suffer irreparable injury.

The material question presented for decision is whether a court of equity has jurisdiction to grant relief where the improvement is not being constructed in compliance with the contract and ordinance but is of materially less value and durability than the improvement required by the ordinance, which the contractor agreed to construct.

Prior to 1903 the acceptance and payment for a local improvement was governed by section 83 of the Local Improvement act. No hearing was provided for in the county court, but the acceptance of the improvement by the board was made conclusive on all persons and property assessed that the work had been performed substantially according to the requirements of the ordinance. If it was not so constructed and any property owner suffered pecuniary loss

thereby he might recover the damages in an action on the case against the city, if such action was commenced within one year from the date of the acceptance of the work by the board of local improvements. As the statute then was, it was held that during the progress of the work of constructing a local improvement a court of equity would take jurisdiction to restrain any substantial departure from, and compel the work to be done in accordance with, the requirements of the ordinance. (*Callister* v. *Kochersperger,* 168 Ill. 334; *People* v. *Whidden,* 191 id. 374.) In 1903 the act was amended so that by section 84, within thirty days after the completion and acceptance of the work, the board of local improvements, in every assessment proceeding where the assessment is divided into installments, shall certify in writing to the court in which the assessment was confirmed, whether the improvement conforms substantially to the requirements of the ordinance, and make application to the court to consider and determine whether the facts stated in the certificate are true. It is made the duty of the court, upon the filing of the petition, to fix a time and place for hearing, not less than fifteen days after filing the petition, and give public notice of the time and place by posting and publishing in a newspaper not less than fifteen days before the time fixed for the hearing. The court is required to hear the application and any objections which may be filed thereto. Upon said hearing the certificate of the board of local improvements shall be *prima facie* evidence of the truth of the matters stated therein, but if they are controverted by objections filed, the court shall determine the same in a summary manner and enter an order according to the fact. Such order shall be conclusive upon all parties, and no appeal therefrom or writ of error thereto shall be allowed to review or reverse the same. If the court finds against the allegations of the certificate it shall enter an order accordingly, and it is then made the duty of the board to procure the completion of the improvement in substantial

accordance with the ordinance, and the board may from time
to time file additional or supplemental applications or peti-
tions until the court is satisfied the allegations of such cer-
tificates or petitions are true and that the improvement is
constructed in substantial accordance with the ordinance. If
before the entry of such order bonds have been issued to
the contractor to apply upon the contract price, the con-
tractor or then legal holder of such bonds shall be entitled
to receive in lieu thereof new bonds of equivalent amount
dated after the entry of such order.

In *Price* v. *Board of Local Improvements,* 266 Ill. 299,
the court said the amendment to section 84 took from the
board of local improvements the power to determine whether
the improvement has been substantially constructed in ac-
cordance with the ordinance, and it was intended by the
legislature that the court, and not the board, should pass
upon that question.

In *Case* v. *City of Sullivan,* 222 Ill. 56, the court held
the amendment to section 84 was enacted to prevent a local
improvement not constructed substantially as required by
the ordinance being foisted upon the property owners by
the action of the board; that it was intended to provide a
hearing upon that question by the court before the property
owner is required to pay his assessment or the city to issue
bonds in payment for the improvement.

In *People* v. *Martin,* 243 Ill. 284, and *City of North
Chicago* v. *McHugh,* 289 id. 121, it was held a judgment
approving the certificate of completion, when entered, is
conclusive upon all the parties and no appeal or writ of
error is allowed.

In *Martin* v. *McCall,* 247 Ill. 484, after a judgment ap-
proving a certificate of the completion of the work had been
entered, a bill was filed alleging, among other things, the
improvement was not constructed in the manner the ordi-
nance provided. The court said: "If this bill is sustained
it will have the effect of nullifying the judgment of con-

firmation as well as the judgment approving the acceptance of this work by the city.  *  *  *  The bill shows that the improvement was accepted by the city, and that such acceptance was, after notice, appearance and objection of the appellants, confirmed by a judgment of the county court. That judgment is *res judicata* of all questions of fact approved and confirmed by said order.  *  *  *  The effect of appellants' bill is to raise an issue as to whether the sewer was constructed in accordance with the ordinance. This cannot be done without showing that the county court approved the certificate of completion of the work without jurisdiction."

In the case considered by this court in *People* v. *Conway,* 253 Ill. 140, the board of local improvements had filed its certificate of completion of the work, to which there were objections that the work had not been done in the manner and with the quality of materials required by the ordinance. The county court refused to approve the certificate but entered an order requiring changes specified be made. Thereupon the contractor filed a bond, conditioned he would comply with the order of the court. The court approved the bond and entered an order approving the certificate of completion without first requiring the work to be done or the filing of another certificate by the board. This court said that under section 84 a special assessment is not delinquent until the certificate of completion has been approved; that the court had no power to approve the bond and approve the certificate of completion before the work had been made to conform to the ordinance and before any additional or supplemental petition was filed, and no finding had ever been made that the work had been done as the ordinance required. "The duty of the court was plain, upon the proper certificate being filed, to find that the improvement did or did not conform to the requirements of the ordinance. The very object of the section was to provide, not for security, but for the actual performance of the work and the adjudication of the court that it had been performed

in accordance with the ordinance before the property owner could be called on to pay."

Appellants insist the county court has only jurisdiction to do the things expressly authorized by the statute; that it cannot reduce the assessment against property because the contractor failed to do the work as required by the ordinance, and for that reason the remedy is not adequate. Ample power is conferred upon the court to require the work to be done in conformity with the ordinance before approving the certificate of completion, and the property owner cannot be compelled to pay an assessment before that is done. Notice is required to be given and a hearing had on the question whether the contractor has constructed the work substantially in the manner and with the materials required by the ordinance. That is the same question sought to be tried by the bill in this case. Because a court of equity may, in a case where it has jurisdiction, exercise powers not conferred by section 84 upon the application for confirmation of the certificate of completion does not seem to warrant a court of equity in taking jurisdiction of this bill. The court in which the assessment proceeding is heard has full power to withhold judgment approving the work until it is completed substantially according to provisions of the ordinance. Until such judgment of approval the property owner cannot be required to pay anything for it and is completely protected from any injury by reason of neglect to properly do the work. No better protection than is afforded him by the statute could be given him by a court of equity in the exercise of its general chancery powers. No more complete protection could be given the property owner than if he believes the improvement does not conform to the ordinance he may have that question heard and determined in the court where the assessment proceeding is had, and if the improvement was not constructed as the ordinance required he will not have to pay anything for it unless the contractor shall make it comply with the ordinance. The

power of the court is adequate to refuse to confirm the certificate until the contractor has done that, even if it required the tearing out of work already done and doing it over again substantially in the manner the ordinance required. Where an adequate remedy is provided by law, courts of equity will not take jurisdiction. The rule was stated in *Heinroth* v. *Kochersperger,* 173 Ill. 205: "It is fundamental that the aid of equity can only be invoked in the absence of an adequate legal remedy." We can think of no better method of requiring the work to be done in the manner and with the quality of materials required by the ordinance than that a court shall, after notice and a hearing, determine whether the improvement made substantially conforms to the ordinance before the assessment to pay for it can be collected from the property owners.

Complaint is made that under section 84 the court can only require "substantial" compliance with the ordinance, and if the statute is construed to permit anything but literal compliance it would be unconstitutional. That provision was considered in *People* v. *Omen,* 290 Ill. 59, and it was there held the statute did not violate the constitution; that a substantial performance meant a performance in good faith and compliance with the essential requirements of the ordinance necessary to the accomplishment of the purpose of the improvement. The fact that an appeal or writ of error is denied does not affect the validity of the statute. (*People* v. *Cohen,* 219 Ill. 200; *Martin* v. *McCall, supra; Village of Niles Center* v. *Schmitz,* 261 Ill. 467; *Nitsche* v. *City of Chicago,* 280 id. 268.) The court is not authorized by section 84 to disregard the rights of the property owners by the approval of a certificate of completion unless the work substantially complies with the ordinance, and it is not conceivable that a court would confirm the certificate of completion as a substantial compliance with the ordinance where the contractor had substituted cheap materials for first-class materials required by the ordinance. The law

only authorizes the approval of the certificate of completion when the work done and the materials used substantially conform to the ordinance, and we must assume that in such case the court will obey the law.

Appellants invoke the rule that the legislature is without power to deprive the circuit court of the original jurisdiction conferred by the constitution. That rule is firmly established and has been applied in many cases decided by this court, but it has no application to this case. The proceeding providing for the construction of a local improvement by special assessment is a special statutory proceeding. It did not exist at common law and is one of which special courts, only, have jurisdiction. (*Downey* v. *People,* 205 Ill. 230.) The rule is firmly established that in special statutory proceedings the legislature may confer jurisdiction to determine the questions arising therein on any court that it may choose, to the exclusion of all others, and if such acts furnish adequate protection to the rights of persons concerned they will be sustained by the court. *People* v. *McGoorty,* 270 Ill. 610.

Appellants also contend that prior to the amendment of section 84 jurisdiction in equity was acquired to compel conformity in the construction of the improvement with the requirements of the improvement ordinance while the work was being done, and that the amendment did not abolish that jurisdiction but merely conferred concurrent jurisdiction for that purpose on the court in which the assessment was confirmed. One of the reasons urged in support of the contention is the failure of the amendment to expressly provide that jurisdiction in equity to determine the question of conformity was abolished. Jurisdiction in equity to determine the question of conformity while the work is being done was not conferred by statute. It arose because the Local Improvement act did not provide an adequate remedy to determine that question. By the amendment the legislature has clearly conferred special jurisdiction on the court in which the assessment was confirmed, and it has as clearly

expressed its intention that said court shall have sole juris-
diction of the questions involved in this appeal.   That is
sufficient, in addition to what has already been here said,
for this court's holding that the jurisdiction of the circuit
court heretofore entertained by injunction is abolished by
said amendment by implication, and we accordingly so hold.

Appellants also contend that fraud is one of the heads of
original jurisdiction in equity, and that under the allegations
of the bill the court in this case had jurisdiction in deter-
mining the question of conformity on that ground.   The
bill does not charge that there was any fraud in awarding
and making the contract for the improvement, and does not
charge any collusion between the city officials and the con-
tractor to defraud the owners whose property has been
assessed.   There are many allegations that the material used
in the construction was not as good as the ordinance pro-
vided for and that the work was not as well done as the
ordinance required, which has resulted in making the im-
provement less valuable than the one called for by the ordi-
nance.   There are a few instances in which the allegations
specifically state the extent of the deviations from the re-
quirements of the ordinance in the quality of the material
used and the manner of doing the work.   It is upon these
latter allegations that we base our holding that a court of
equity at this time should not take jurisdiction in view of
the provisions of the amendment.

The chief ground relied upon by appellants in support
of their contention that the bill alleges such fraud as is cog-
nizable in a court of equity is, that they gave the notice to
the city officials and the contractor heretofore mentioned,
notifying them that the ordinance was not being complied
with in the construction of the improvement and demanding
that the work be done in accordance with the improvement
ordinance; that the city officials and the contractor did not
heed the notice but insisted that the work was being done
according to the contract; that the city council knowingly

and willfully acquiesced in the violations of the contract, and the city officials have acted willfully and wrongfully, with the deliberate intention of foisting upon the property owners an improvement materially less in value and of less durability than the one specified in the ordinance. This last charge of willful and deliberate fraud is a mere conclusion of the pleader, without sufficient allegation of facts to sustain it. On this question we hold that the allegations do not make such a case of willful and deliberate fraud as to call for the interference of a court of equity upon that ground.

The lower court properly sustained the demurrer to the bill, and the judgment of the Appellate Court affirming the decree is affirmed.

*Judgment affirmed.*