(No. 19547.—

THE DES PLAINES FOUNDRY COMPANY *et al.* Appellants, *vs.* THE CITY OF DES PLAINES *et al.* Appellees.

*Opinion filed June 19, 1929.*

BRANNAN, MALONEY & WOOSTER, for appellants.

NING ELEY, and TOLMAN, SEXTON & CHANDLER, (EDGAR B. TOLMAN, HENRY P. CHANDLER, and GEORGE A. MASON, of counsel,) for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county dismissing for want of equity a second amended bill of complaint filed by appellants against appellees, who are the mayor and *ex-officio* president of the board of local improvements of the city of Des Plaines, the members of the city council of said city, the city collector, the city treasurer, and the county treasurer and *ex-officio* county collector of Cook county.

The bill of complaint alleges the passage of an ordinance by the city council of the city of Des Plaines for the levying of a special assessment to pay the cost of the laying of water mains on certain streets in said city, the filing of a petition for the levying of a special assessment to pay the cost of the improvement in the county court of Cook county, the confirmation of the proceedings by the county court of Cook county, the advertising for bids and the letting of a contract for the work, the execution of a contract for the work, a conspiracy between the mayor of the city and persons not made parties to the bill for a substantial departure from the requirements of the improvement ordinance, a substantial departure from the requirements of the ordinance in the doing of the work, the filing of a certificate of final cost and completion of the work in the county court of Cook county, the filing of objections thereto by complainants, a hearing thereon, a finding by the county court that the work was not done in substantial conformity to the ordinance and that the facts set forth in the certificate were not true, the causing of the property of complainants to be returned delinquent for non-payment of installments of the special assessment, and the making of an application by the county collector of Cook county to the county court to sell lands of the complainants for the non-payment of such installments. The bill sought to obtain an injunction restraining the county treasurer and *ex-officio* county col-

lector of Cook county from selling or advertising for sale the properties of complainants by reason of the non-payment of the special assessments; also to compel the board of local improvements of the city of Des Plaines and its president to file a true and correct amount of the cost of the improvement, and to enjoin the president of the board from including therein any portion of the cost not provided for in the ordinance; that upon the failure of the board to file such a true certificate showing the true cost of the work so that the assessment of the complainants would be abated, in order that the complainants could pay their property assessment for the improvement and thereby remove the lien of the assessment from their property, that the assessment might be decreed null and void and removed as a lien from their property. Appellees filed a plea to the second amended bill of complaint, in which they pleaded that as to that portion of the bill of complaint which prayed for an injunction restraining the county collector of Cook county from selling the complainants' land for non-payment of the assessment, the city collector of the city of Des Plaines, upon the application of the city, caused the properties of the complainants to be stricken from the report of delinquent special assessments and to be withdrawn from the application for sale of said properties for the delinquent assessments. Appellees also filed a demurrer alleging that the complainants had an adequate remedy at law and that they were not entitled to any relief in equity. The court sustained both the plea and demurrer. There is no complaint in the bill as to the passage of the ordinance, the levying of the special assessment to pay the costs of the improvement or the confirmation thereof by the county court.

Section 84 of the Local Improvement act, as amended in 1903, provides adequate and complete relief against a substantial departure from the requirements of an improvement ordinance in the construction of the improvement

where the assessment is levied in installments, (*White* v. *City of Ottawa*, 318 Ill. 463; *City of Belvidere* v. *Iles*, 330 id. 31;) and the jurisdiction of equity theretofore entertained with reference thereto by injunction has been abolished by implication. (*White* v. *City of Ottawa, supra.*) The proceeding for the construction of a local improvement by special assessment is a special statutory proceeding. It did not exist at common law and is one of which special courts, only, have jurisdiction. (*Downey* v. *People*, 205 Ill. 230.) The rule is firmly established that in special statutory proceedings the legislature may confer jurisdiction to determine the questions arising therein on any court it may choose, to the exclusion of all others, and if such courts furnish adequate protection to the rights of parties concerned they will be sustained by the court. (*People* v. *McGoorty*, 270 Ill. 610.) No more complete protection could be given the property owner, if he believes the improvement does not conform to the ordinance, than the right given him by section 84 of the Local Improvement act to have that question heard and determined in the court where the special proceeding is had, and if the improvement was not constructed as the ordinance required he will not have to pay anything for it unless the contractor shall make it comply with the ordinance. Where an adequate remedy is provided by law, courts of equity will not take jurisdiction, as it is fundamental that the aid of equity can only be invoked in the absence of an adequate legal remedy. *Heinroth* v. *Kochersperger*, 173 Ill. 205.

The county court of Cook county had full and complete jurisdiction to grant appellants any and all of the relief for which they ask in their amended bill of complaint, and the superior court of Cook county properly decreed the dismissal of appellants' second bill of complaint, and its decree is affirmed. · *Decree affirmed.*